Sanger *v.* County Commissioners of Kennebec.

---

ZEBULON SANGER, *Pet'r versus* THE COUNTY COMMISSIONERS OF KENNEBEC.

Where a road extends into two counties, and the majority of the commissioners of both counties, at a legal meeting thereof, under the provisions of Rev. Stat. c. 25, "shall adjudge it to be of public convenience and necessity to lay out such highway," it is not left discretionary with the commissioners of one county, to locate the highway within their county, or not; but it is their duty to proceed and lay it out in conformity to the adjudication.

And if a county or town road has been previously laid out over a part of the same route, it furnishes no sufficient excuse for a refusal to locate the highway there under the adjudication of the commissioners of the two counties.

A private individual can apply to the Supreme Judicial Court for a writ of *mandamus* to courts of inferior jurisdiction in those cases only, where he has some private or particular interest to be subserved, or some particular right to be pursued or protected by the aid of this process, independent of that which he holds in common with the public at large. It is for the public officers, exclusively, to apply for such writ, where the public rights are to be subserved.

If it be the duty of the County Commissioners to locate a road, yet a writ of *mandamus* will not be granted, to command the performance of such duty, on the petition, merely, of one of the original petitioners for the road, who has no greater interest than the rest of the community in procuring such location.

THIS was a petition for a *mandamus* to the County Commissioners of the county of Kennebec.

The facts are stated in the opinion of the Court.

The case was fully argued in writing by

*Stackpole,* for the petitioner, and by

*H. W. Paine,* County Attorney, for the County Commissioners, and by

*Moor,* for the town of Waterville, that town having an interest in the question.

In the argument for the petitioner, the following authorities were cited. Rev. Stat. c. 96, § 6; Rev. Stat. c. 25, § 1, 2, 23, 24, 25; Stat. 1832, c. 42, § 1, 2; Stat. 1836, c. 198, § 2; 2 Pick. 414; 4 Pick. 68; 10 Pick. 244; 16 Pick. 105.

And in the arguments in behalf of the respondents, comments were made upon the same statutes, and these authorities were cited.    10 Pick. 245; 11 Pick. 189; 3 Dallas, 42; 18 Pick. 443; 13 Pick. 225; 1 T. R. 404; Dougl. 526; 17 Pick. 142; 20 Pick. 510; 10 Pick. 374; 18 Pick. 4; 2 Barn. & Ald. 115.

The opinion of the Court was drawn up by

TENNEY J. — Upon the petition of Eben'r F. Bacon and others, for an alteration in the road from the east village in Waterville to Norridgewock, on a route, beginning at the county road in said village, at some point between the Baptist meeting house and Lemuel Dunbar's house, thence proceeding by the route, lately viewed by the County Commissioners for the county of Kennebec on a petition for a road from said village to Farmington Falls, to the west end of the bridge near Kenelon Marston's house, thence the shortest practicable and convenient route, to the county road near Job Bates' dwellinghouse, in Fairfield, &c. after due and legal proceedings, the Commissioners of the counties of Kennebec and Somerset, at a joint meeting of the two boards, adjudged "that common convenience and necessity required that the road prayed for in said petition be located and established."    The Commissioners for the county of Somerset thereupon duly located the part of the road lying in the county of Somerset, and the Commissioners for the county of Kennebec duly laid out that part of the same road in the county of Kennebec, which lay between the northerly end of Marston's bridge, and the dividing line of the counties of Kennebec and Somerset, and made report thereof at a term of their Court holden December, 1840, and the report was accepted and recorded, and the said road ordered to be established, opened, and made as is prescribed in the report. The residue of the same road never having been located by the

County Commissioners for the county of Kennebec, who after-wards upon a petition therefor, declined to lay out the same, one of the original petitioners for the road makes application for a writ of *mandamus* to the County Commissioners for the county of Kennebec, requiring them forthwith to com-plete the location of that part of the road lying in the county of Kennebec, which they had omitted to lay out.

The respondents having been duly served with the petition now pending, and having acknowledged the facts therein set forth to be true, move that the petition be dismissed for the reasons following, viz : —

1. Because the County Commissioners for the county of Kennebec completed the location of that part of the road, which lay in the county of Kennebec, and did all which they were required to do by virtue of the adjudication of the two boards of Commissioners of the counties of Kennebec and Somerset.

2. That the prayer of the petition was for a road (a part of it) between Kenelon Marston's and the village of Water-ville, "by the route lately viewed" by the Commissioners of Kennebec on a petition for a road to Farmington, and that the Commissioners for Kennebec, on said petition for a road to Farmington, had viewed several routes between said village and said Marston's; it was therefore uncertain which of these routes was contemplated by said adjudication.

3. That the road between Marston's and Waterville village is now a road, located on the petition of Z. Sanger and others by the County Commissioners of the county of Kennebec.

4. That the respondents, on the 8th day of December, A. D. 1843, did locate a road from the village of Waterville, over one of the routes viewed by the County Commissioners for the county of Kennebec, on the petition of Z. Sanger and others.

5. That all the proceedings of the County Commissioners in relation to this road, were closed more than four years be-fore the entry of this petition.

6. That the petitioner for the writ prayed for, is interested

only as other citizens in opening new thoroughfares, and not entitled to the process prayed for.

It is stated in this petition, that the road from the Northerly end of Marston's bridge to the village in Waterville, has never been located by virtue of the petition for the road from Waterville to Norridgewock, and the adjudication of the two boards of Commissioners; this is admitted to be true by the respondents. The statute does not leave it discretionary with the Commissioners of one county, after such adjudication, to locate the road, adjudged to be of common convenience and necessity, or not. Its language is peremptory, that " the Commissioners shall proceed to lay out, alter or discontinue, that part of such highway which lies in their respective counties, in the manner provided. Rev. St. c. 25, § 26.

The petition of Z. Sanger and others was for a road to be laid out and established, on the shortest practicable and convenient route from the east village in Waterville, through West Waterville, Dearborn, Rome, New Sharon, &c. to Farmington Falls. It appears from the records, that the County Commissioners, upon that petition, " finished a full examination of all the routes embraced in said petition," and located the road by courses and distances, and made report, which was accepted and recorded, and the road duly established. On the petition for the road from Waterville to Farmington, it appears by the record that various routes were examined, but it does not appear, that any other route between the west end of Marston's Bridge and Waterville village was examined, excepting the one upon which the road was located; that route being fully and particularly described in the record, it cannot be said with propriety that there is a want of certainty in the road, upon the petition for which the joint board acted and adjudicated.

Does the existence of the road laid out upon the same route under another adjudication, made by the County Commissioners for the county of Kennebec alone, excuse the respondents? The road from Waterville to Norridgewock was entire. The legislature anticipated that thoroughfares extending from one county into another, would be important and necessary; and

were not satisfied to leave it to the separate and independent action and judgment of the Commissioners of each county, in such cases, to lay out the roads in their respective counties. There could be no certainty, that the roads, if made in the different counties, would unite with each other, so that as a whole, they would be such as would meet the public wants; and if not, much expense in making them would prove to be useless. These difficulties are obviated by the statute providing a tribunal, composed of all the County Commissioners of the counties over which such roads are prayed for, and the judgments of such joint board, cannot in any manner be annulled by one of the boards acting separately. After the adjudication of the joint board, the object sought cannot be defeated, excepting by the judgment of the same. The road thus adjudged to be of common convenience and necessity, must be laid out, accordingly; and the commissioners, who are charged by the statute with the duty of carrying such judgment into effect, can no more omit to make the location, than they can discontinue such a road afterwards. The existence of a road on the same route, laid out under authority of the Commissioners of one county only, cannot answer the requirements of the statute; such location is merely carrying into effect the judgment of one board, which could alter the same, without the action of the joint board, and thereby defeat the object of the law.

The fourth and fifth reasons assigned for the motion to dismiss the petition, are unsupported by the facts which the evidence in the case discloses; and it is not necessary to consider what would be the effect of the facts supposed to exist, had they been proved.

This Court have power to issue writs of *mandamus* to Courts of inferior jurisdiction, which may be necessary for the furtherance of justice and the due execution of the laws. R. S. ch. 96, § 5. The statute has not pointed out particularly the cases to which this remedy may be applied; but, as in many other cases, has left it to be determined by the principles of the common law. "This writ is grounded on a suggestion, by the

oath of the party injured, of his own right, and the denial of justice below." 3 Bl. Com. 110. A private individual can apply for this remedy only in those cases, where he has some private or particular interest to be subserved, or some particular right to be pursued or protected by the aid of this process, independent of that which he holds in common with the public at large; and it is for the public officers, exclusively to apply, when public rights are to be subserved. *Rex* v. *Merchant Factor's Co.* 2 B. & Ald. 115. These authorities, which are believed to be in accordance with others upon the same subject, contain the general rule of the common law upon this point. And we are not satisfied, that the mode provided by the statute, to obtain the laying out, the alteration and discontinuance of public roads, which is by petition, which is often followed by proceedings, which are of an adversary character, and are sometimes followed by costs against the petitioners, can take this case from the general rule. The reason given in the original petition, for the location of the road, is that the " public good requires it." And the judgment of the joint board of Commissioners for the two counties is, that " common convenience and necessity require it." Neither the petition for the road, nor that for the writ of *mandamus*, allege any interest of this petitioner to be promoted, or that his rights are in any degree diminished by the omission complained of, more than of any other individual in the community, and he is not shown to have been at any trouble, or incurred any expense or liability by the proceedings upon the original application for the road. However mistaken in their duty the County Commissioners for the county of Kennebec may have been, in omitting to make effectual the judgment of the joint board of Commissioners, and notwithstanding they may be exposed to a peremptory *mandamus* to lay out the remainder of the road, by virtue of an application by a public officer, we think this petition must be dismissed.