## STATE ex WHITE v CLEVELAND (city)

Ohio Appeals, 8th Dist, Cuyahoga Co

Decided April 13, 1932

S. J. Kornhauser, Cleveland, for plaintiff.

W. George Kerr, and Anthony R. Fiorette, Cleveland, for defendants.

Dan B. Cull, Fred Desberg, and J. M. Berne, Cleveland, amici curiae.

**LEVINE, PJ.**

In view of the concession of counsel for relator, that the Council is empowered to enact an ordinance governing the use of the Public Auditorium, or any part of it, and that it is within its power to exclude certain activities from any part of the Public Auditorium, it would seem that the failure to plead the ordinance would constitute a substantial defect in the petition. This court cannot take judicial notice of the contents of the ordinance nor can it consider the ordinance in view of the failure to plead the same in the petition. As far as this court knows, the acts of the Commissioner and of the Director of Public Parks were in full conformity with the mandate of the city council.

We will assume, for the sake of argument, that the ordinance was pleaded and presented in evidence. A study of the same reveals that "the Public Auditorium is to be administered or controlled by the commissioner * * * subject to the provisions of the Charter and ordinances * * * and subject to the supervision and direction of the Director of Parks and Public Property * * * he shall have power, from time to time, to enter into contracts * * * under such rules as may be established by the board of control * * *."

As we construe this language it is to the effect that the Commissioner is empowered to enter into contracts subject to certain limitations. In other words, when he does enter into a contract, the same must be subject to certain limitations. Nowhere in the ordinance do we find any mandatory provision compelling the commissioner to enter into contracts. His power as well as his duties are derived from the ordinance and unless the ordinance makes it mandatory upon him to enter into contracts under certain conditions, he is under no duty to do so.

We are not concerned with the wisdom or lack of wisdom on the part of the commissioner in refusing to accept the offer of the relator, as this is not a judicial question, but instead, we deem it to be a matter of political policy for which the responsible heads are answerable not to the courts but to the people as a whole.

The writ of mandamus was designed to compel the performance of a duty enjoined by law, and unless the law created such a duty, the courts cannot be called upon first, to create the duty, and, second, to compel its performance.

The various citations found in the brief of counsel for the relator refer to matters, wherein the law imposed a mandatory duty upon the officer against whom the writ was directed. No such situation exists in this case.

Holding as we do, the writ will be denied, and the petition of relator dismissed.

LEVINE, PJ, and WEYGANDT, J, concur. VICKERY, J, not participating.