**STATE ex SKILTON, Relator, v. MILLER, Judge et, Respondents.**

Ohio Appeals, Eighth District, Cuyahoga County.

Nos. 23303, 23304.  Decided November 24, 1954.

Wallich & De Vinne, Cleveland, for relator.
Roger Zucker, Cleveland, for respondents.

## OPINION

By KOVACHY, J.

These are two proceedings in mandamus originally filed in this court.  The Relator, the Respondents and the relief sought in each are the same.  In the petitions the Relator says inter alia that he is a citizen of the State of Ohio; that he executed two written complaints under oath

and filed one with the Respondent, Richard McGilvery in his capacity as Clerk of the Police Court in the City of Cleveland Heights, and the other with the Respondent, David J. Miller, Judge of said Police Court; that upon such filing he promised complete cooperation with the appropriate police officials together with the production of witnesses in the prosecution of the violations of the state law alleged in the complaints; that he demanded that a warrant or summons be issued thereon as provided by the laws of the State of Ohio; and that both Respondents have refused to comply with his demands.

It is admitted by Respondents that the complaints filed set forth a violation of §3773.24 R. C. In Case No. 23303 Relator avers that he purchased a loaf of bread on Saturday, August 21, 1954 and again on Sunday, August 22, 1954 at a store known as Miether's Ice Cream Store located at 1920 Lee Road, Cleveland Heights, Ohio. In Case No. 23304 he avers he purchased a loaf of bread on Saturday, August 21, 1954 at a restaurant and store known as Damon's located at 2466 Fairmont Boulevard, Cleveland Heights, Ohio.

Relator seeks a writ of mandamus commanding the Respondents or either of them "to issue a warrant or summons upon the offense charged in the attached affidavits * * *" in each case.

Demurrers were filed to the petitions by the Respondents on the ground that the petitions do not state facts that show causes of action.

Sec. 2731.02 R. C., in part reads as follows:

"The writ of mandamus may be allowed by the supreme court, the court of appeals, or the court of common pleas and shall be issued by the clerk of the court in which the application is made. Such writ may issue on the information of **the party beneficially interested**." (Emphasis ours.)

In the consideration of these demurrers, we are faced at the outset with the question whether the Relator, under the facts set forth in his petitions, is "the party beneficially interested" in accordance with the requirement of the law pertaining to the issuance of the extraordinary writ of mandamus. The Supreme Court of Ohio in **State, ex rel., v. Cook, 146 Oh St 348**, states the law as follows in the syllabi:

"1. Mandamus is an extraordinary writ and will not lie unless the relator can establish a clear legal right thereto. (Paragraph one of the syllabus of **State, ex rel Baen, v. Yeatman, Aud., 22 Oh St 546**; paragraph two of the syllabus of **State, ex rel. Papadopoulos, v. Industrial Commission, 130 Oh St 77**; paragraph one of the syllabus of **State, ex rel. Skinner Engine Co., v. Kouri, Dir., 136 Oh St 343**; and **State, ex rel. Stein, v. Department of Highways, 136 Oh St 252**, approved and followed.)

"2. In the absence of a showing that a relator has a beneficial interest, either as an individual, taxpayer, or as a citizen, in obtaining a peremptory writ of mandamus, such writ will not be granted. (**Paragraph one** of the syllabus of **State, ex rel. Brophy, v. City of Cleveland, 141 Oh St 518**; and **State, ex rel. Latta, Chief of Police, v. White, et al., Industrial Commission, 140 Oh St, 197** approved and followed.)"

Relator in his petitions says that he is a citizen of Ohio. He demands the arrest of persons for violating, he avers, the so-called "Sunday Closing Law." This is a general law of the State of Ohio and was

enacted for the benefit of the citizens of the state as a whole. His interest, therefore, is one that he shares with all citizens. It is not specific or peculiar in himself. A Relator, in order to be justified in obtaining a peremptory writ compelling the arrest of individuals, must show that such arrest would subserve some private or special interest of his or permit him to pursue or protect a particular right residing in him personally and separate and apart from that which he holds in common with the public at large. Only by such a state of facts can he be said to be "the party beneficially interested." The allegations of the petitions do not show such beneficial interest in the Relator.

18 R. C. L. 303 has the following to say:

"The weight of authority probably sustains the view that to entitle a private citizen to move for and prosecute the writ, he must show that he has some private or special interest to be subserved, or some particular right to be pursued or protected, independent of that which he holds in common with the public at large, and that it is for the public officers to apply when public rights alone are to be subserved."

See Babbett v. State, ex rel. Dresher, 10 Kansas Rep. 9.

Sanger v. County Comm. of Kennebec, 25 Maine Rep. 291.

It must likewise be borne in mind in this connection that mandamus is not a writ of right and that its issuance or non-issuance rests in the sound discretion of the court. **State, ex rel. Mettler, Pros. Atty., v. Stratton, 139 Oh St 86, syllabus 1.**

We hold in these cases that a court is not obliged to issue a writ of mandamus compelling the arrest of a person allegedly violating a law, which is a misdemeanor, passed for the benefit of all of the citizens and general in nature, where the Relator has no personal right involved and deliberately and purposely plans and personally induces the violation. To grant a writ of mandamus under such circumstances would in effect be constituting the Relator a law enforcing agency of the community and tend to engender confusion among the officers charged with the enforcement of law. Such a right extended a private citizen would encourage the zealot, take out of the hands of law enforcing officers the right to exercise their sound judgment in maintaining peace and order and encourage practices not in accord with the American concept of law enforcement.

The Supreme Court of California in its syllabus in Fridts v. Charles, 145 Cal. Rep. 512 states the rule as follows in a situation that is quite comparable to the ones here under consideration:

"An applicant for a writ of mandate to compel the arrest of a person accused by his complaint, filed in the justice's court, of a misdemeanor in unlawfully using a slot machine for a game of chance, is not a party beneficially interested, within the meaning of the statute. He is not injured thereby in any manner different from the general public, and his application for such writ was properly denied by the superior court."

Accordingly, the petitions in these cases do not set forth facts showing the Relator, Henry A. Skilton, to be "the party beneficially interested" and consequently fail to show a cause of action in him for which reason the demurrers are sustained, the petitions dismissed, the

writs denied and final judgments rendered the Respondents at Relator's cost. Exc. O. S. J.

HURD, PJ, SKEEL, J, concur.