**STATE, ex rel. HARRIS, Relator, v. SILBERT, as Chief Justice of the Court of Common Pleas of Cuyahoga County, Respondent.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 24605.  Decided November 26, 1953.

563

George B. Harris, for relator.

John T. Corrigan, Pros. Atty., A. M. Braun, John L. Dowling, for respondent.

Marc J. Grossman, for Cleveland Bar Association as Amicus Curiae.

Harley J. McNeal, for Cuyahoga Bar Association as Amicus Curiae.

## OPINION

Per CURIAM:

The relator has filed his petition in this court seeking a writ of mandamus in which he alleges:

1) That he is a resident and a taxpayer and also a member of the Bar of Cuyahoga County.

2) That Judge Samuel H. Silbert, the respondent, is a duly elected judge of the Court of Common Pleas of Cuyahoga County whose term of office expires January 1, 1963.

3) That in December, 1954, under the authority of §2301.04 R. C., his associate judges (he at that time being a judge of said court, the court then being composed of fifteen judges) designated the said Judge Samuel H. Silbert to be the Chief Justice of the Court of Common Pleas of Cuyahoga County until the end of his then term of office ending January 1, 1957.

4) That in January, 1957, the associate judges of Judge Samuel H. Silbert (then nineteen in number) again designated him to be Chief Justice of said Court of Common Pleas of Cuyahoga County and that he is now serving in that capacity.

5) Since October 1, 1953, said §2301.04 R. C., has read, in part, as follows:

"In each county having more than two judges of the court of common pleas, said judges may designate one of their number chief justice, who shall continue as such chief justice until the end of his term, whereupon a successor may be chosen.

"The chief justice of the court of common pleas shall have the general superintendence of the business of the court, and shall classify and distribute it among the judges. In January of each year, he shall file a complete annual report with the clerk of the court of common pleas covering the preceding calendar year, which report shall show the work performed by the court and by each of the judges thereof, the number of days and hours of attendance in court, of each judge, and such other data as the chief justice of the supreme court requires. A copy of said report shall be transmitted by the clerk to the chief justice of the supreme court and another copy shall be filed by such clerk with the secretary of state. Copies of such annual reports shall be printed for free distribution.

"* * *

"Each judge of a court of common pleas having a chief justice shall,

at least once a month, make a report in writing, to the chief justice of said court, of the duties performed by such judge, in such manner and form as said chief justice rejuires."

6) That during his term or terms to the date of the filing of this petition, the respondent has not performed the following duties specifically and mandatorily imposed upon him by law:

a) Neglected to prepare forms to be used by each of the judges of the court to report to the chief justice the number of days and hours in attendance in court and work performed by him, or otherwise gather said data.

b) That because of the aforesaid refusal, respondent has failed to make and file with the clerk for the years 1955, 1956, 1957 (the years he has served as chief justice of the Court of Common Pleas of Cuyahoga County) an annual report covering each calendar year showing the work performed by the court and each of the judges thereof, the number of days and hours of attendance of each judge of the court and he is not now gathering such data and refuses to do so for the year 1958 as is required by law although requested to do so, and is so enjoined by law.

"Wherefore plaintiff-relator prays that a peremptory writ of mandamus be issued directing respondent, Samuel H. Silbert, as Chief Justice of the Court of Common Pleas for Cuyahoga County, Ohio, to prepare and deliver to each of the judges of said court an adequate number of forms for each of them to report to him, monthly, the aforesaid data showing the work done by each of said judges, together with the days and hours of attendance in court by each of them during the calendar year 1958 and thereafter, so long as he shall remain Chief Justice, or in such other manner as he or this court may determine, gather and annually report and publish said information, as the law requires, or that an alternative writ be issued requiring respondent to show cause why such a final and peremptory writ should not be issued, and, upon his failure to show cause, that a final writ of mandamus be issued so ordering and directing."

The demurrer of the respondent challenges the sufficiency of the facts pleaded to state a cause of action and also challenges the relator's legal capacity to maintain the action attempted to be stated.

Sec. 2731.01 R. C., provides:

"Mandamus is a writ, issued in the name of the state to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station."

Sec. 2731.02 R. C., provides:

"The writ of mandamus may be allowed by the supreme court, the court of appeals, or the court of common pleas and shall be issued by the clerk of the court in which the application is made. Such writ may issue on the information of the party beneficially interested.

"Such writ shall contain a copy of the petition, verification, and order of allowance."

The petition of the relator, as above set out, does not contain an allegation that he has been injured in a manner different from that

affecting the public generally or in any manner whatsoever or that any legal private right of his has been affected in any manner by the inaction of the respondent as alleged in the petition.

The Supreme Court of Ohio in the case of State, ex rel. General Contractors Association of Akron and Vicinity v. Wait, Director, etc., 168 Oh St 5, 150 N. E. 2d 851, quoting the second paragraph of the syllabus in the case of State, ex rel. Skilton v. Miller, Judge, 164 Oh St 163, 128 N. E. 2d 47, stated the law clearly applicable to the facts here pleaded as follows:

"If no legal right of a person can be affected by the failure of a public official to act in any given matter, such person does not have a beneficial interest such as will permit him to maintain an action in mandamus to require such official to act."

The Miller case (affirming the decision of this court reported in 99 Oh Ap 481, 122 N. E. 2d 662, decided November 24, 1954) involved the refusal of the police judge (also the clerk of the police court) of Cleveland Heights (there being two cases presented in the same appeal) to issue warrants for the arrest of persons against whom complaints on affidavits had been filed charging a violation of the Sunday closing law. The third paragraph of the Miller case provides:

"The Sunday closing law is a general law of the state of Ohio and was enacted for the benefit of the citizens of the state as a whole."

See also paragraph two of the syllabus of the case of State, ex rel. Stanley v. Cook, 146 Oh St 348, 66 N. E. 2d 207.

Upon the foregoing authorities, we find that the relator has not plead that a personal right of his has been invaded by the claimed inaction of the chief justice under the provisions of §2301.04 R. C., and for that reason is without a lawful right to maintain this action.

It also appears that, by the terms of the statute, there is no specific duty directing the chief justice to prepare forms or to spell out what information shall be sought in the form to be provided by the chief justice for the use of his associates. The statute, as quoted above, provides, in part, that the chief justice shall report annually "* * * which report shall show the work performed by the court and by each of the judges thereof, the number of days and hours of attendance in court, of each judge, and such other data as the chief justice of the supreme court requires. * * *" The foregoing contains all of the provisions of the statute upon which relator relies. Not a syllable is found in the text that prescribes the precise method in which the judges are to report and the information to be reported, except for the days and hours of work. Both the form of the report and its contents are discretionary with the chief justice except as to requests that may be received from the chief justice of the supreme court.

In order to permit the issuance of a writ in mandamus, a clearly defined legal duty must be enjoined by law. From the foregoing text of the statute no absolute duty is spelled out as to the requests contained in the relator's prayer.

For the foregoing reasons the demurrer is sustained and it being clear from the facts pleaded that no personal right of the relator is or

can be pleaded, the writ is denied and final judgment is entered for the respondent.

Exceptions noted.

SKEEL, PJ, HURD and KOVACHY, JJ, concur.