THE STATE, EX REL. PARTIS ET AL., APPELLANTS, *v.* WARREN
CITY BOARD OF HEALTH ET AL., APPELLEES.

[Cite as *State, ex rel. Partis, v. Warren City
Bd. of Health* (1992), 63 Ohio St.3d 777.]

(No. 91–987—Submitted March 16, 1992—Decided June 10, 1992.)

*Frank R. Bodor,* for appellants.

*William P. McLain,* Law Director, and *Richard L. James,* for appellees.

---

*Per Curiam.* The requisites for the issuance of a writ of mandamus are well known: relator must have a clear legal right to the relief requested; respondent must be under a clear legal duty to perform that act; and relator must have no plain and adequate remedy at law. *State, ex rel. Westchester Estates, Inc., v. Bacon* (1980), 61 Ohio St.2d 42, 15 O.O.3d 53, 399 N.E.2d 81.

The Warren city ordinances set forth the procedures for the issuance of a use variance. It is undisputed that the real estate in question was located in a "Residential A" district. No building permit for a triplex could be issued in such district without the concomitant issuance of a variance. City council refused to approve such variance. Without such approval, appellants had no clear legal right to the occupancy permit and the board of health had no legal duty to issue such permit.

Moreover, R.C. 2506.01 authorizes an appeal from "[e]very final order * * * of any * * * board, bureau, commission * * * or other division of any political subdivision of the state * * *." Appellants failed to appeal council's December 14, 1988 rejection of the variance request. Accordingly, appellants did not meet another essential requirement for the issuance of a writ of mandamus— absence of an adequate legal remedy.

In *State, ex rel. Sibarco Corp., v. Berea* (1966), 7 Ohio St.2d 85, 36 O.O.2d 75, 218 N.E.2d 428, the relator-property owner was unsuccessful in securing an amendment to the city zoning ordinance to allow construction of a gas station on its property. It then applied to the building commissioner for a building permit for the same purpose, but the application was rejected. Relator appealed to the board of zoning appeals, which affirmed the commission, but the property owner did not pursue further appeal to the common pleas court under R.C. 2506.01. Upon review, we held that relator failed to pursue an adequate remedy at law and thus mandamus would not lie. The same is true of appellants in the instant case.

Appellants failed to prove any of the criteria necessary for the issuance of a writ of mandamus. Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.

MOYER, C.J., not participating.