ORIGINAL ACTION JOURNAL ENTRY AND OPINION
Henry H. Brettrager, relator, commenced this action in mandamus to compel respondent, the Village of Newburgh Heights, Ohio (hereinafter the "Village"), to pay him the same compensation and benefits as a full-time police officer in the Village. Relator averred in his Affidavit in support of his Complaint that he was hired as a part-time police officer, but regularly worked more than forty hours per week and thus should be compensated as a full-time police officer. Respondent filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment, which relator opposed, and relator filed a Motion for Summary Judgment, which is unopposed. For the following reasons, we grant respondent's Motion for Summary Judgment and deny relator's Motion for Summary Judgment.
The parties stipulated the following facts. The Village hired relator as a part-time police officer on July 22, 1995. Relator's job title was Part-time Police Officer and his job description provided that he was to perform general duties regarding traffic law enforcement and enforcement of the laws of Ohio and the Village. Relator was not a member of the Police Firemen's Disability and Pension Fund during his employment with the Village, but he did contribute to the Public Employees' Retirement System of Ohio.
As a part of the stipulated facts, the parties submitted a box containing daily log sheets which reflect relator's hours of employment from July 22, 1995, through October 31, 1998. This court ordered the parties to file jointly a summary, by week, of the stipulated boxed daily log sheets, indicating the number of hours relator worked each week for the time period relator is seeking relief in mandamus. Entry No. 06608 dated May 19, 1999. In response, relator supplied biweekly summaries only. Of the eighty-six biweekly pay periods documented relator worked eighty or more regular hours, after subtracting paid overtime and sick time, approximately forty of the eighty-six periods — 6 periods in 1998, 23 periods in 1997, 11 periods in 1996, and 0 periods in 1995.
A court may render summary judgment if the evidence, construed most strongly in the non-moving party's favor, shows "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Civ. R. 56(C). In mandamus actions, a writ will not be granted unless the court finds "that the relator has a clear legal right to the relief prayed for, that the respondent is under a clear legal duty to perform the requested act, and that [the] relator has no plain and adequate remedy at law." State ex rel.Westchester v. Bacon (1980), 61 Ohio St.2d 42,399 N.E.2d 81, paragraph one of the syllabus.
Mandamus is an extraordinary writ that is issued in the name of the state "commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station." R.C. 2731.01. The writ will not lie in doubtful cases, where either the duty or the right to receive the desired performance is less than clear. State ex rel. Cartmell v. Dorrian
(1984), 11 Ohio St.3d 177, 464 N.E.2d 556; State ex rel.Papadopoulos v. Industrial Commission of Ohio (1935), 130 Ohio St. 77,196 N.E. 780, paragraph two of the syllabus; State exrel. Iacovone v. Fuerst (July 3, 1997), Cuyahoga App. No. 72254, unreported; State ex rel. McCafferty v. Williams (Dec. 9, 1994), Cuyahoga App. No. 66849, unreported; State ex rel. Connole v.Cleveland Board of Education (1993), 87 Ohio App.3d 43,621 N.E.2d 850.
Relator avers in paragraph seven of his complaint that the Village has a mandatory duty to compensate him as a full-time police officer. The creation of a duty that is subject to enforcement through a writ of mandamus is the distinctive function of the legislative branch of government. State ex rel.Stanley v. Cook (1946), 146 Ohio St. 348, 66 N.E.2d 207, paragraph eight of the syllabus; Davis v. State ex rel. Pecsok
(1936), 130 Ohio St. 411, 200 N.E. 181; State ex rel. Sharif v.McDonnell (Aug. 21, 1997), Cuyahoga App. No. 72705, unreported;State ex rel. Harris v. Silbert (1958), 79 Ohio Law Abs. 562,154 N.E.2d 455; State ex rel. White v. City of Cleveland (1932),42 Ohio App. 72, 181 N.E. 545. A court cannot create a legal duty and then compel its performance through mandamus. Davis, Sharif,
and White, supra. Thus, in order to determine whether the Village has the duty claimed by relator, we must examine the provisions of the statute or ordinance upon which relator relies.
Relator has identified the following two statutes:
737.16 Deputy marshals and policemen.
 The mayor shall, when provided for by the legislative authority of a village, and subject to its confirmation, appoint all deputy marshals, policemen, night watchmen, and special policemen. All such officers shall continue in office until removed therefrom for the cause and in the manner provided by section 737.19 of the Revised Code.
 No person shall receive an appointment under this section after January 1, 1970, unless he has, not more than sixty days prior to receiving such appointment, passed a physical examination given by a licensed physician, showing that he meets the physical requirements necessary to perform the duties of the position to which he is to be appointed as established by the legislative authority of the village. The appointing authority shall, prior to making any such appointment, file with the police and firemen's disability and pension fund a copy of the report or findings of said licensed physician. The professional fee for such physical examination shall be paid for by the legislative authority.
 737.17 Probationary period; final appointment.
 All appointments made under sections 737.15 and 737.16 of the Revised Code shall be for a probationary period of six months' continuous service, and none shall be finally made until the appointee has satisfactorily served his probationary period. At the end of the probationary period the mayor shall transmit to the legislative authority of the village a record of such employee's service with his recommendations thereon and he may, with the concurrence of the legislative authority, remove or finally appoint the employee.
R.C. 737.16, 737.17. Neither of these statutes, however, imposes a clear legal duty upon the Village to compensate relator as requested.[1]
Relator relies on the case of State ex rel. Bossa v. Giles
(1980), 64 Ohio St.2d 273, 415 N.E.2d 256, wherein the Supreme Court of Ohio determined that an "intermittent" state employee who regularly worked forty hours per week was entitled to vacation leave pursuant to R.C. 121.161.[2]
Relator, however, has not claimed that the Village has violated any state benefits statute and has not claimed he was denied vacation leave. Rather, relator claims he was undercompensated for his vacation leave because he was not paid the wages of a full-time officer.
Claims of entitlement to wages or benefits granted by statute or ordinance are actionable in mandamus if the right to relief is clear. State ex rel. Villari v. City of Bedford Heights (1984),11 Ohio St.3d 222, 465 N.E.2d 64. In this case, neither the duty of the Village nor the right to relief is clear. The Village ordinance governing part-time police officers provides as follows:
 SECTION 13. That there is hereby established the position of part-time Patrolmen in the Police Department of the Village of Newburgh Heights, Ohio. That all part-time Patrolmen employed by the Village of Newburgh Heights must be available for duty for a minimum of thirty-two (32) hours per month. That the failure of any part-time Patrolmen employed by the Village of Newburgh Heights to be available for the minimum of thirty-two (32) hours per month may be subject to termination pursuant to ORC 737.171 and the previous provisions of Ordinance 1993-7.
 The rate of compensation paid to part-time Patrolmen shall be as follows:
 For Newly hired part-time Patrolmen the rate of $7.00 per hour during first (1) year of employment.
 After twelve (12) months of employment the rate of $8.10 per hour.
 After twenty-four (24) months of employment the rate of $8.60.
 All part-time Patrolmen curently making the rate of $8.10 per hour as of August 27, 1994 will advance to the rate of $8.60 per hour.
 In addition to the above, all part-time Patrolmen are entitled to receive a Uniform and Clothing Allowance of $200.00 per year after 100 hours of work has been performed each year for the Village of Newburgh Heights, OH.
Village of Newburgh Heights Ordinance 1994-25; Id. 1995-27 (reflecting part-time pay increases). This ordinance sets forth the clear duty of the Village to compensate its part-time patrolmen. But relator is not claiming unpaid compensation pursuant to this ordinance. Relator is asking this court to order the Village to raise the level of his compensation to that of a full-time police officer, clearly beyond that which is provided by the Village ordinance governing part-time patrolmen. In essence, relator is asking this court to order the Village to appoint him to a full-time patrolman's position in the Village based upon the number of hours he worked. The duty of the Village to do so, however, is not clear.
Nor is the duty to do so clear pursuant to the Village ordinance governing full-time patrolmen which provides as follows:
 (C) Full-Time Patrolmen: The full-time Patrolmen shall receive as and for salary and compensation a sum determined in accordance with the following:
Length of Service Annual Salary After Hourly Effective August 28, 1994
1st Month $11.82 $24,585.60 6th Month $12.32 $25,625.60 12th Month $12.82 $26,665.60 18th Month $13.32 $27,705.60 Over 24 Months $13.82 $28,745.60
 Such compensation shall be for all forty (40) hour work weeks with the hours of employment of the full-time Patrolmen set by the Mayor. Payment of such annual compensation shall be made in twenty-six (26) substantially equal amounts. Beginning with their commencement of work as full-time Patrolmen, a Committee consisting of the Mayor and Chief of Police shall evaluate the work of the full-time Patrolmen every three (3) months and, based upon the foregoing evaluations and recommendations of the Committee, a pay raise as listed in the above schedule shall be or shall not be granted to the full-time Patrolmen. Such pay raise must be recommended by the Committee before becoming effective; if the six (6) month pay raise is not so recommended by the Committee, the issue of pay raises for the full-time Patrolmen shall be considered by the Committee at each applicable six (6) month interval thereafter until such time as the Patrolmen, if ever, shall obtain the rate of compensation of $28,745.60 annually.
Village of Newburgh Heights Ordiance 1994-25, Section 2; Id.
1995-27, Section 2(d) (reflecting pay increases). Indeed, the wages of a full-time police officer are determined not only by the number of hours worked, but also upon a continuing evaluation process by the Mayor and the Chief of Police. Again, the duty of the Village to compensate relator at the level of the full-time police officer based solely upon the number of hours worked is surely less than clear.
None of the material submitted by relator supports relator's contention that the Village has a mandatory duty to compensate him as a full-time police officer and that he has a clear legal right to receive such compensation. In the absence of a clear legal duty of the respondent to perform the requested act or a clear legal right to the performance requested, the extraordinary writ of mandamus will not lie. State ex rel. Partis v. WarrenCity Board of Health (1992), 63 Ohio St.3d 777, 591 N.E.2d 711;State ex rel. Taylor v. Glasser (1977), 50 Ohio St.2d 165,364 N.E.2d 1 (mandamus to be issued with great caution and only when the way is clear); State ex rel. Gay v. Cuyahoga County Board ofCommissioners (Mar. 18, 1999), Cuyahoga App. No. 75311, unreported; State ex rel. Iacovone v. Fuerst (July 3, 1997), Cuyahoga App. No. 72254, unreported; State ex rel. McCafferty v.Williams (Dec. 9, 1994), Cuyahoga App. No. 66849, unreported.
Accordingly, the summary judgment motion of respondent is granted and the summary judgment motion of relator is denied.
Writ denied. Costs to relator.
ANN DYKE, P.J., DIANE KARPINSKI, J., CONCUR.
 _________________________________ JUDGE JOHN T. PATTON
[1] Whether relator was appointed pursuant to these statutes is unestablished. Respondent contends that relator was hired pursuant to R.C. 737.161, which specifically allows the Village to augment its police force. Regardless, none of the cited statutes mandates the obligation claimed by relator.
[2] R.C. 121.161 was amended and renumbered R.C. 124.13 in 1982. Vacation leave is prorated for full-time employees working less than eighty-hour pay periods, part-time employees, part-time permanent employees and full-time permanent employees working less than eighty-hour pay periods so that the ratio of hours worked and vacation earned is the same as for full-time employees and full-time permanent employees. R.C. 124.13, 124.134.