McCAIN, Justice.
This cause is before us on direct appeal from the Circuit Court, Dade County, to review an order of that Court dated July 23, 1971, denying appellant’s suggestion for writ of prohibition and holding Fla.Stat. § 37.011, F.S.A., constitutional. We have heard oral argument by the parties.
On June 14, 1971, a complaint for tenant removal was filed against appellant Maureen Lee in the Justice of the Peace Court, District #1, Dade County, Florida. The complaint was served on appellant on June 16, 1971, and an answer and motion to dismiss alleging lack of jurisdiction over the subject matter were timely filed on June 17, 1971. The motion to dismiss was denied.
Appellant then filed a suggestion for writ of prohibition in the Circuit Court, on her own behalf and on behalf of all others similarly situated, challenging the jurisdiction of the Justice of the Peace over tenant removal. The Circuit Court, in an ably written order, denied the writ and dismissed the action. The Court stated:
“THIS CAUSE came on for final hearing upon Suggestion of Maureen Lee, on her own behalf and on behalf of all others similarly situated, for a Writ of Prohibition against the Respondents, The Honorable Charles Snowden, The Honorable Ralph B. Ferguson, Jr., The Honorable Ruth L. Sutton, The Honorable Sylvester Adair, and The Honorable Jason M. Berkman.
“Counsel for Respondents waived their objection to Petitioner’s standing to represent her class, and there being no objections to the propriety of this cause being maintained as a class action, this Court finds that this cause is a class action, and that such class is defined as all persons who have been, are being, or will be threatened with eviction in landlord-tenant cases in which the matter in controversy does not exceed $100, in one of the five Justices of the Peace Courts of Dade County, Florida.
“Counsel for the parties stipulated to the facts in this cause, made arguments, and submitted memoranda. This Court makes the following ruling of Law:
“1. That Article V § 11(2) of the Florida Constitution [F.S.A.] granting jurisdiction to the Justices of the Peace ‘in cases at law in which the demand or value of the property involved does not exceed $100 . . ..’ is a self-executing provision of the *206 Constitution, which standing alone, would be sufficient to confer jurisdiction on the Justices of the Peace to hear all cases at law relating to landlords and tenants, in which the demand or value of the property involved does not exceed $100, and in particular, such actions for removal of tenants.
“2. That Chapter 37.011, Fla.Stats. (1969) [F.S.A.] providing that Justices of the Peace ‘shall have concurrent jurisdiction in all cases at law relating to landlord and tenant, wherein the matter in controversy does not exceed . $100’ is so plain and unambiguous as to fix legislative intent and to leave no room for judicial construction.
“3. That there is no constitutional or statutory provision conferring exclusive jurisdiction in a Court other than the Justice of the Peace Court to hear cases at law relating to landlord and tenant, and that therefore the legislature in its discretion properly vested concurrent jurisdiction over the subject matter of landlord and tenant cases in the Justice of the Peace Court, State ex rel., Jones vs. Wiseheart, 245 So.2d 849 (Fla.1971), and that Chapter 37.011 is therefore Constitutional. Accordingly it is,
“ORDERED and ADJUDGED as follows:
“1. That the Suggestion of Petitioner, on behalf of herself and all members of her class, be and the same hereby is denied as to all named Respondents herein.
“2. That the Rule to Show Cause issued by this Court on June 29, 1971, be and the same hereby is discharged as to all named Respondents herein.
“3. That this cause, filed by Petitioner, on behalf of herself and all members of her class be, and the same hereby is dismissed.”
In our judgment the quoted order appropriately disposes of the issues raised on this appeal. We agree with the trial court that Article V, § 11(2) of the Florida Constitution (1885), F.S.A., vests jurisdiction over tenant removal in the Justice of the Peace Courts, and that Fla.Stat. § 37.011, F.S.A., does not enlarge the constitutional jurisdiction of Justices of the Peace. Accordingly, the order of the Circuit Court is approved and the decision below is affirmed.
It is so ordered
ROBERTS, C. J„ and ERVIN, CARLTON, ADKINS, BOYD and DEKLE, JJ„ concur.