**State ex. rel. Russo**
**v.**
**Wilson**
*[Cite as 2 AOA 537]*

*Case No. 89AP-725*
*Franklin County, (10th)*
*Decided March 8, 1990*

*R.C.2925.03*
*R.C.5145.01*

*Cassidy & Mottl Co., L.P.A., and Mr. Gray V. Gabriel, for relator.*

*Mr. Anthony J. Celebrezze, Jr., Attorney General, and Mr. Frederick C. Schoch, for respondent.*

WHITESIDE, J.

Relator, Frank Russo, filed this original action on June 16, 1989, requesting that this court issue a writ of mandamus ordering respondent, George Wilson, Director, Ohio Department of Rehabilitation and Correction, to change relator's sentencing record to reflect concurrent, definite sentences of five years and three years.

The facts, as stipulated by the parties, indicate the following:

"1. Relator is a prisoner serving a sentence in the Lima Correctional Institution (a unit of the Ohio Department of Rehabilitation and Correction), in Lima, Ohio on the case of *State of Ohio vs. Frank Russo,* Cuyahoga County, Ohio, Common Pleas Court Case No. CR214109; Court of Appeals of Ohio, Eight Appellate District, Cuyahoga County, Case No. 53571.

"2. Respondent is the duly appointed, qualified and acting director of the Ohio Department of Rehabilitation and Correction, which has custody of Relator pursuant to his previously mentioned sentence.

"3. Relator was convinced in the above cited case for one violation of R.C. 2925.03(A)(5) and one violation of R.C. 2925.03(A)(7), in each case, the drug involved being cocaine, a controlled substance under Schedule 2 of R.C. 3719.41.

"4. As a result of the convictions, Relator was original *[sic]* sentenced on March 5, 1987 to an indefinite term of six to twenty-five years on the first count and an indefinite term of four to fifteen years on the second count, the terms to be served consecutively, for a total indefinite term of ten to forty years.

"5. On Appeal, the Court of Appeals of Ohio, Eighth Appellate District, Cuyahoga County, determined that the trial court imposed an improper sentence and that Relator should have been sentenced to a definite term of five years on Count One and three years on Count Two, pursuant to R.C. 2925.03(C)(5) and (C)(6). Accordingly, the Court of Appeals remanded the matter for resentencing.

"6. On December 5, 1988, the trial court resentenced Relator to a definite term of five years actual incarceration on Count One and a definite term of three years actual incarceration on Count Two, the sentences to run concurrently.

"7. On July 18, 1989, Respondent changed Relator's records to show his sentence to be five to twenty-five years indefinite. Respondent declined to have Relator's records reflect a definite sentence."

In response to relator's complaint in mandamus, respondent filed a motion to dismiss, which this court overruled on the ground that

respondent had presented no argument as to why it, as an agent of the state, was not bound by the express judicial determination of the Eighth District Court of Appeals that relator's sentence should properly be definite prison term of five years. Essentially, this court determined that respondent was bound by *res judicata* since the state was a party to such determination.

Respondent then filed an answer and a motion for reconsideration. The motion was overruled by a decision rendered on November 28, 1989, which stated, in pertinent part:

"*** [T]his court will not relitigate the legal question determined by the Eighth District Court of Appeals unless respondent demonstrates a valid reason why he is not bound by such judgment as an agent of the state, which was a party to the case. The respondent is not above the law and is bound by a final judicial determination (even if erroneous) which has not been appealed. The doctrine of *res judicata* is for the purpose of putting an end to litigation and, once an issue has been determined as between parties, it is final and cannot be reopened and relitigated at the whim of one of the parties."

This matter was thereafter submitted to the court on the parties' briefs.

Entitlement to a writ of mandamus is predicated upon a showing of: (1) a clear legal right to the relief requested; (2) a clear legal duty to perform the requested act; (3) the absence of a plain and adequate remedy in the ordinary course of law. *State, ex rel Leis*, v. *Clark* (1978), 53 Ohio St. 2d 101.

Relator argues that the state had the opportunity to appeal the decision of the Eighth District Court of Appeals and that, by failing to do so, respondent, as an agent of the state, is bound by that decision. In accord with our decision overruling respondent's prior motions, we must agree.

The doctrine of *res judicata* operated to suspend further action between parties in a case where issues have been finally determined. In *Whitehead* v. *Gen. Tel. Co.* (1969), 20 Ohio St. 2d 108, the Supreme Court of Ohio held, in paragraph one of the syllabus:

"A final judgment or decree rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction, is conclusive of rights, questions and facts in issue as to the parties and their privies, and is a complete bar to any subsequent action upon the same cause of action between the parties or those in privity with them. The prior judgment is *res judicata* as between the parties or their privies." (Citing with approval *Norwood* v. *McDonald* (1943), 142 Ohio St. 299, paragraph one of syllabus.)

Relator here was originally sentenced to indefinite terms of imprisonment on each of the two counts of which he was convicted. Upon relator's appeal (defendant therein), the Eighth District Court of Appeals, citing the "actual incarceration" language of R.C. 2925.03(C) (5) and (C) (6), held that imposition on definite prison terms was unlawful and constituted plain error and, thus remanded the case to the trial court with instructions to modify relator's sentence to impose definite terms. In other words, the Eighth District Court determined as a matter of law the precise issue which respondent attempts to relitigate herein. Rather than pursuing an appeal from the Eighth District's arguably erroneous holding, the state, ostensibly under the authority of R.C. 5145.01, maintained relator's record as an indefinite sentence. Given the state's opportunity to appeal the Eighth District's ruling and its subsequent inaction, respondent, as an agent of the state, is now bound by the principle of *res judicata* and is foreclosed from disputing the express judicial determination that relator's sentences should be for definite, rather than indefinite, terms, which was finally imposed by the trial court as required by the mandate upon remand from the Eighth District Court of Appeals.

Respondent argues that preventing the state from recording relator's sentence as an indefinite sentence, instead of the definite sentence mandated by the Eighth District's judgment, completely nullifies any possible application of R.C. 5145.01, inasmuch as the state is always a party in criminal cases. However, mere imposition of a sentence does not constitute an express judicial determination as to the applicable law. Moreover, R.C. 5145.01 subjects a person to correction of sentencing by respondent only "[i]f, *through oversight or otherwise*, a sentence to the penitentiary should be for a definite term for an offense for which a definite term of imprisonment is not provided by statute." (Emphasis added.) Clearly, a reviewing court's *sua sponte* reversal of a case on the ground that a defendant was improperly sentenced to an indefinite term does not constitute a sentence imposed "through oversight or otherwise" within the contemplation of the statute.

R.C. 5145.01 does not confer power to review judicial determinations upon respondent, but only the authority to correct clerical,

inadvertent, or ministerial errors. Respondent essentially contends that he has power to reverse the judgment of the Eighth District Court of Appeals and apply instead his own determination of the applicable law contrary to the construction of the same law by the Eighth District Court of Appeals. Respondent contends that the applicable law should be construed so as to provide for indefinite terms for defendant. The Eighth District Court of Appeals held that the applicable law must be construed so as to provide for definite terms for defendant in a case where that precise issue was litigated and to which the state was a party. Respondent has advanced no reason why such express and specific final judicial determination of the disputed legal issue should not be binding. Respondent is not conferred power of review over court of appeal's determinations of disputed legal issues by R.C. 5145.01 or otherwise, nor is it permitted to substitute its judgment for that of the court of appeals in construing the meaning and effect of a statute.

This court's holding in *State, ex. rel. Glover,* v. *Wilson* (June 13, 1989), No. 88AP-990, unreported (Memorandum Decision), while factually similar, is not persuasive since the issue of *res judicata* was neither raised, determined, nor involved. Moreover, respondent's contention that the sentence imposed upon remand pursuant to the mandate of the Eighth District Court of Appeals was erroneous and is, therefore, reviewable is without merit since even erroneous judgments are binding on parties and their privies under the doctrine of *res judicata. La Barbera* v. *Batsch* (1967), 10 Ohio St. 2d 106, syllabus. This court has no power to review judgments of the Eighth District Court of Appeals, and the failure of the state to seek proper review of the arguably erroneous judgment from that court makes the judgment binding upon respondent as an agent of the state. Relator's records should be modified so as to reflect correctly the sentence imposed by the Cuyahoga County Court of Common Pleas upon remand from the Eighth District Court of Appeals pursuant to its mandate.

Relator also asks this court in his complaint to find that R.C. 5145.01 is unconstitutional as an unlawful delegation of power. Given our discussion above, the constitutional issue is not properly before us for determination.

Accordingly, for the foregoing reasons, a writ of mandamus is hereby granted ordering respondent to modify relator's records to reflect the sentences of definite terms of imprisonment imposed by the Cuyahoga County Court of Common Pleas pursuant to the mandate of the Eighth District Court of Appeals.

*Writ granted.*

REILLY, P. J., and BRYANT, J., concur.