[Cite as *State ex rel. New Riegel Local School Dist. Bd. of Edn. v. Ohio School Facilities Comm.*, 2017-Ohio-875.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SENECA COUNTY

STATE, EX REL. NEW RIEGEL
LOCAL SCHOOL DISTRICT BOARD
OF EDUCATION,

      RELATOR-APPELLANT.            CASE NO. 13-16-22

      v.

OHIO SCHOOL FACILITIES            O P I N I O N
COMMISSION, ET AL.,

      RESPONDENTS-APPELLEES.

Appeal from Seneca County Common Pleas Court
Trial Court No. 15-CV-0114

Judgment Affirmed

Date of Decision: March 13, 2017

APPEARANCES:

    *Christopher L. McCloskey* for Appellant

    *Lee Ann Rabe* for Appellees

**ZIMMERMAN, J.**

{¶1} Plaintiff-appellant, the State of Ohio ex rel. New Riegel Local School District Board of Education ("New Riegel"), appeals the judgment of the Seneca County Court of Common Pleas dismissing its petition for a writ of mandamus/complaint for declaratory judgment. On appeal, New Riegel asserts that the trial court erred by granting the motion of the Ohio School Facilities Commission and Ohio Facilities Construction Commission ("Commission") dismissing its mandamus and declaratory relief claims. Based upon the following, we affirm the judgment of the trial court.

*Facts and Statement of the Case*

{¶2} This case stems from the construction of a K-12 school building in the New Riegel School District. New Riegel entered into an agreement in December, 1999 with the Ohio Facilities Construction Commission to assist with the payment and project management of a new school in its school district. The Commission is an agency of the State of Ohio created under R.C. 3318.30(A) to "administer the provision of financial assistance to school districts for the acquisition or construction of classroom facilities in accordance with section 3318.01 to 3318.32 of the Revised Code." R.C. 3318.30(A). The project agreement set forth the cost of the project ($10,436,989) and the allocation of the financial responsibility

between New Riegel (11% of project) and the Commission (89% of the project). (Doc. No. 2, Ex. B).

{¶3} It is unclear from the record as to when the construction of the school commenced and was completed, but ultimately a certificate of completion was issued by the Commission to New Riegel thusly closing the project, in either 2002 or 2004.[1]

{¶4} In January, 2015 New Riegel requested the Commission to re-open the school building project and provide funding to repair construction defects. (Doc. No. 2 at ¶ 29). The Commission denied New Riegel's request. (*Id.* at ¶ 31).

*Procedural History*

{¶5} New Riegel filed its lawsuit versus the Commission in the trial court on April 30, 2015, requesting a writ of mandamus/complaint for declaratory judgment to compel the Commission to re-open the New Riegel school project and compel it to provide its share of funding to repair the construction defects. Thereafter, the Commission filed its motion to dismiss New Riegel's claims pursuant to Civ. R. 12(B)(6). The Commission further requested the dismissal of the complaint asserting that the Court of Claims, not the trial court, was the proper court for New Riegel to proceed.

---

[1] At oral argument, counsel for the appellant advised that the certificate was issued in 2002, but counsel for appellee stated such was issued in 2004.

{¶6} On August 17, 2016, the trial court determined that New Riegel's claim was a claim for money damages and that the Ohio Court of Claims, not the Seneca County Common Pleas Court, had exclusive jurisdiction to decide money damages. The trial court further found that New Riegel failed to establish that the Commission had a legal duty (to New Riegel) because the project was closed and because (New Riegel) had an adequate remedy at law against the contractors involved in the construction of the school. Lastly, the trial court found declaratory relief was not proper since the facts alleged by New Riegel did not constitute a violation of law by the Commission. Accordingly, the trial court granted the motion to dismiss from which New Riegel filed its appeal. New Riegel presents the following five assignments of error for our review:

**ASSIGNMENT OF ERROR NO. 1**

**THE TRIAL COURT ERRED IN DENYING APPELLANT'S MANDAMUS CLAIM AND DETERMINING THAT APPELLEES HAVE NO CURRENT LEGAL DUTY TO APPELLANT.**

**ASSIGNMENT OF ERROR NO. 2**

**THE TRIAL COURT ERRED IN DENYING APPELLANT'S MANDAMUS CLAIM AND RULING THAT APPELLANT HAS A CLEAR AND ADEQUATE REMEDY IN THE ORDINARY COURSE OF LAW BY PURSUING CLAIMS AGAINST THE CONTRACTORS INVOLVED IN THE CONSTRUCTION OF THE BUILDING.**

## ASSIGNMENT OF ERROR NO. 3

**THE TRIAL COURT ERRED IN DETERMINING THAT IT LACKED JURISDICTION TO PROVIDE A REMEDY TO APPELLANT.**

## ASSIGNMENT OF ERROR NO. 4

**THE TRIAL COURT ERRED IN FAILING TO DECLARE THAT APPELLEES HAVE ACTED UNLAWFULLY IN THIS CASE.**

## ASSIGNMENT OF ERROR NO. 5

**THE TRIAL COURT ERRED IN DISMISSING NEW RIEGEL'S ENTIRE CAUSE OF ACTION FOR EQUITABLE RESTITUTION.**

*First, Second, and Fourth Assignments of Error*

**{¶7}** For the purpose of economy, we have chosen to discuss the assignments of error in an order other than that presented by the parties in their briefs. In addition, we have chosen to address together some of the common points raised by the first, second, and fourth assignments of error while, collectively addressing the premises underlying the trial court's granting of the motion to dismiss under Civ. R. 12(B)(6).

*Standard of Review*

**{¶8}** A trial court's order granting a Civ. R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief may be granted is subject to *de novo* review on appeal. *Cincinnati v. Beretta U.S.A. Corp.*, 95 Ohio St.3d 416, 2002-Ohio-2480,

768 N.E. 2d 1136, ¶¶ 4-5. In order to sustain the order of dismissal, "it must appear beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief." *LeRoy v. Allen, Yurasek & Merklin*, 114 Ohio St.3d 323, 2007-Ohio-3608, 872 N.E.2d 254, ¶14. In our review of whether a motion to dismiss was properly granted, we must construe all factual allegations in the complaint to be true. *See Mitchell v. Lawson Milk Co.,* 40 Ohio St.3d 190, 192, 532 N.E.2d 753, 756 (1988). In order to determine whether a mandamus petition sets forth a cognizable claim, we must presume all factual allegations of the petition are true and make all reasonable inferences in favor of the non-moving party. *Id.*

*12(B)(6) Motion*

{¶9} "A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint." *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.,* 65 Ohio St.3d 545, 548, 1992-Ohio-73, 605 N.E.2d 378, 381 citing *Assn. for the Defense of the Washington Local School Dist. V. Kiger,* 42 Ohio St.3d 116, 117, 537 N.E.2d 1292, 1293 (1989). For that reason, a trial court may not rely upon evidence or allegations outside the complaint when ruling on a Civ.R. 12(B)(6) motion. *State ex rel. Fuqua v. Alexander,* 79 Ohio St.3d 206, 207, 1997-Ohio-169, 680 N.E.2d 985.

{¶10} In resolving a Civ.R. 12(B)(6) motion, a court's factual review is confined to the four corners of the complaint. *Grady v. Lenders Interactive*

*Services*, 8th Dist. Cuyahoga No. 83966, 2004-Ohio-4239, ¶ 6. "[A]s long as there is a set of facts, consistent with the plaintiff's complaint, which would allow the plaintiff to recover, the court may not grant a defendant's motion to dismiss." *York v. Ohio State Hwy. Patrol*, 60 Ohio St.3d 143, 145, 573 N.E.2d 1063, 1065 (1991).

{¶11} However, "[a] copy of any written instrument attached to a pleading is a part of the pleading for all purposes"; and therefore, the trial court may consider attached written instruments for purposes of a motion to dismiss. Civ.R. 10(C); *Davis v. Widman,* 184 Ohio App.3d 705, 2009-Ohio-5430, 922 N.E.2d 272, ¶ 18 (3rd Dist.), citing *Keenan v. Adecco Emp. Servs., Inc.,* 3d Dist. Allen No. 1-06-10, 2006-Ohio-3633, ¶¶ 8-9, citing *Slife v. Kundtz Properties, Inc.,* 40 Ohio App.2d 179, 185-86, 318 N.E.2d 557, 562 (8th Dist. 1974). "If the plaintiff decides to attach documents to his complaint, which he claims establish his case, such documents can be used to his detriment to dismiss the case if they along with the complaint itself establish a failure to state a claim." *Adlaka v. Giannini,* 7th Dist. Mahoning No. 05 MA 105, 2006-Ohio-4611, ¶ 34, citing *Aleman v. Ohio Adult Parole Auth.,* 4th Dist. Hocking No. 94CA17, 1995 WL 257833, *1 (Apr. 24, 1995). "Dismissals under Civ.R. 12(B)(6) are proper where the language of the writing is clear and unambiguous." *Keenan* at ¶ 9.

*New Riegel's Complaint*

**{¶12}** As noted above, our *de novo* review is to test the sufficiency of the complaint to determine whether the alleged facts set forth a claim that would entitle New Riegel to relief. In its operative part, New Riegel's complaint contains a series of recitals from the Ohio Constitution and pronouncements of case law of the Ohio Supreme Court, none of which we interpret as factual allegations. (Doc. No. 2 at ¶¶ 6-8).

**{¶13}** The complaint then identifies the statutory framework of the Classroom Facilities Assistance Program set forth in R.C. 3318 et seq. (*Id.* at ¶¶ 9-22). With the exception of paragraphs 17, 20, and 22 in the complaint, which we interpret as statements of opinion by New Riegel, paragraphs 9-16 and paragraph 21 do not contain factual allegations.

**{¶14}** Paragraphs 23-28 of the complaint identify the project agreement of the parties, with paragraph 27 alleging the existence of defects in the metal roof and through-wall flashing systems of the school. (*Id.* at ¶ 27, Ex. B). Even though the metal roof and through-wall flashing systems are not directly identified as that of the New Riegel school, we reasonably infer such to be the case. (*Id.*). From our review of these paragraphs, we again find minimal factual allegations as compared to statements of opinion. Thus, only paragraph 27 contains factual allegations that certain defects are present in the New Riegel school.

{¶15} Next, New Riegel's complaint avers that on January 29, 2015 it, through counsel, informed the Commission of the above defects and requested the Commission to re-open the project and help fund the repairs, which request the Commission denied. (*Id.* at ¶¶ 29, 31).

{¶16} Paragraphs 33-42 complete the factual allegations of New Riegel's complaint, wherein New Riegel alleges that the Commission failed to "properly administer" the construction project; that the Commission violated Section 2 of Article VI of the Ohio Constitution; that the Commission's actions have resulted in "disparate educational opportunities for pupils of New Riegel Local School District"; that the Commission has prevented New Riegel from a "complete educational program in violation of RC 3318.01(B) and 3318.03;" and that the Commission's failure to provide funding to correct the defects violates O.A.C § 3318:1-3-02(F). (*Id.* at ¶¶ 35-39).

{¶17} With that, paragraphs 43-57 of the complaint state New Riegel's claims for mandamus, declaratory judgment and/or equitable restitution. (*Id.* at ¶¶ 43-57).

*Mandamus/Declaratory Relief*

{¶18} In its first, second, and fourth assignment of error, New Riegel asserts that the trial court erred in granting the Commission's motion to dismiss by denying their writ of mandamus and complaint for declaratory relief. Specifically,

New Riegel contends that the Commission owed it a clear legal duty to reopen the project and assist it with funding to repair the project defects.

{¶19} We disagree.

{¶20} When analyzing a statute, our primary purpose must be to give effect to the intention of the legislature. *Henry v. Cent. Natl. Bank*, 16 Ohio St.2d 16, 20, 242 N.E.2d 342, 345 (1968). In doing so, we must give effect to the words used, not to delete words or to insert words not used. *See Cleveland Elec. Illum. Co. v. City of Cleveland*, 37 Ohio St.3d 50, 524 N.E.2d 441, 442 (1988). If the language of a statute is plain and unambiguous and conveys a clear and definite meaning, then no need exists for us to apply further rules of construction. *State v. Siferd*, 151 Ohio App. 3d 103, 2002-Ohio-6801, 783 N.E.2d 591, ¶ 33 (3rd Dist.), aff'd 99 Ohio St.3d 145, 2003-Ohio-2765, 789 N.E.2d 237, ¶ 33. Words and phrases must be read in context and given their usual, normal, and/or customary meanings. R.C. 1.42.

{¶21} To be entitled to a writ of mandamus, New Riegel must establish by clear and convincing evidence a clear legal right to the requested relief, a clear legal duty on the part of the Commission to provide it, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Waters v. Spaeth*, 131 Ohio S.3d 55, 2012-Ohio-69, 960 N.E. 2d 452, ¶ 6. The facts and proof submitted to establish these criteria must be "plain, clear, and convincing before a court is justified in using

the strong arm of the law by way of granting the writ." *State ex rel. Pressley v. Indus. Commission,* 11 Ohio St.2d 141, 161, 228 N.E.2d 631, 647 (1967).

**{¶22}** When deciding whether the extraordinary writ of mandamus is appropriate, a court may consider the facts and circumstances of the particular case, such as (1) the applicant's rights, (2) the interests of third persons, (3) the importance or unimportance of the case, (4) the applicant's conduct, (5) the equity and justice of the relator's case, (6) public policy and the public's interest, (7) whether the performance of the act by the respondent would give the relator any effective relief, and (8) whether such an act would be impossible, illegal, or useless. *Id.* at 162-164.

**{¶23}** The Ohio Supreme Court determined long ago in *Davis v. State ex rel. Pecsok:*

> In proceedings in mandamus a court cannot create a legal duty. The creation of a legal duty is a distinctive function of the legislative branch of government. The most that a court can do in mandamus is to command the performance of an act which the law specifically enjoins as a duty resulting from an office, trust or station, when a clear right to such performance is presented.

*Davis v. State ex rel. Pecsok,* 130 Ohio St. 411, 200 N.E. 181 (1936).

**{¶24}** "When an asserted legal right is based on a statutory provision, the relator must demonstrate that the statute, as applied and interpreted, gives rise to the requisite clear legal right." *State ex rel. Deters v. Wilkinson*, 72 Ohio St.3d 54, 56, 1995-Ohio-79, 647 N.E.2d 480, 482.

{¶25} A declaratory judgment claim allows a court of record to declare the rights, status, and other legal relations of the parties whether or not any further relief is or could be claimed. Civ.R. 57 and R.C. 2721.01 et seq. "The declaration may be either affirmative or negative in form and effect." R.C. 2721.02. Courts may refrain from entertaining an action for declaratory judgment that depends largely on a determination of facts. *Smith v. Mun. Civ. Sew. Commission, City of Columbus*, 158 Ohio St. 401, 403, 109 N.E. 2d 507 (1952).

*Analysis*

{¶26} Since the declaratory relief requested by New Riegel parallels the mandamus relief requested, the matters are intertwined and we will analyze them together.

{¶27} Resolution of the legal issues presented requires interpretation of the cited Ohio Constitutional sections and the laws granting authority to the Commission pursuant to R.C. 3318 et seq. The constitutional provisions and statutes raised by New Riegel are clear and unambiguous and need no construction or interpretation beyond their plain meaning. Additionally, "'[c]onstitutional questions will not be decided until the necessity for a decision arises on the record before the court.'" *Christensen v. Bd. of Commrs. on Grievances & Discipline,* 61 Ohio St.3d 534, 535, 575 N.E.2d 790, 791 (1991), quoting *State ex rel. Herbert v. Ferguson,* 142 Ohio St. 496, 503, 52 N.E.2d 980, 981 (1944), paragraph two of the

syllabus. The facts set forth in New Riegel's complaint are entirely silent as to any circumstance, event, act or failure to act on the part of the Commission giving rise to a constitutional question. We cannot infer, from the facts before us, that the alleged construction defects have resulted in New Riegel being deprived of a fundamental right under the Ohio Constitution. Thus, there is not a constitutional issue for us to resolve.

{¶28} New Riegel further asserts that the Commission has a clear legal duty to reopen the school construction project (of 1999) and provide its share of funding to correct the defects identified to it in 2015. In reliance thereof, New Riegel asserts that R.C. 3318.08 and O.A.C. section 3318:1-3-02(F) require the Commission to establish a construction fund (R.C. 3318.08) and keep it funded (O.A.C. 3318:1-3-02) until all repairs of the project are completed due to the improper issuance of the certificate of completion. In essence, New Riegel argues it has a legal right to that construction fund in order to repair the metal roof and through-wall flashing systems defects revealed to the Commission in 2015. We find no merit in this contention.

{¶29} Under R.C. 3318.48, the Commission issued a certificate of completion of the construction project in either 2002 or 2004. Such certificate is to be issued when a construction project is "complete." R.C. 3318.48(A). New Riegel's complaint is silent as to whether it did not voluntarily participate in that process, which is crucial to its argument because if the certificate was "improperly"

or "prematurely" issued, then New Riegel was in the position (in 2002 or 2004) to oppose the issuance of the certificate. Otherwise, pursuant to R.C. 3318.48(D), "[u]pon issuance of the certification of completion * * * the commission's ownership of and interest in the project, as specified in division (F) of section 3318.08 of the Revised Code, shall cease." *Id.* When the Commission issued its certificate of completion, its involvement in the project terminated.

{¶30} Further, New Riegel has not directed us to any statutory language that establishes a duty for the Commission to create and fund a project construction fund after the issuance of a certificate of completion. Nor can we create such a duty. Where the law does not create duty, a court cannot be called upon to create it and compel its performance by mandamus. *State ex rel. White v. Cleveland,* 42 Ohio App. 72, 74, 181 N.E. 545, 546 (8th Dist.1932). Our plain reading of the statutory provisions supplied by New Riegel supplies no such responsibility on the Commission after the certificate of completion was issued.

{¶31} Moreover, the legislature created a corrective action program, under R.C. 3318.49, "to provide funding for the correction of work * * * that is found after occupancy of the facility to be defective…" R.C 3318.49(A). As such, a statutory process exists for New Riegel to use in order to repair construction defects.

{¶32} Assuming arguendo, that the Commission may exercise its discretion and reopen a given project, which New Riegel argues the Commission has done in

the Valley Local School District, it is a well-established principle that a writ of mandamus may issue only to require the performance of an act specially enjoined by law, and may not be employed to control the discretion lodged by statute in a public board or officer. (Doc. No. 2, Ex. C); *See State ex rel. Brophy v. Crawford*, 127 Ohio St. 580, 190 N.E. 221, 222 (1934). Hence, we reject this comparison and argument by New Riegel.

{¶33} Thus, New Riegel has failed to demonstrate that the cited Ohio constitutional and statutory provisions, as applied and interpreted herein, gives rise to its clear legal right requiring the Commission to reopen the project agreement and assist with the payment of construction defects.

{¶34} In sum, the factual allegations in New Riegel's complaint are void of any circumstance, event, act or failed act occurring after the issuance of the certificate of completion by the Commission and prior to New Riegel's January, 2015 letter which mandates a clear legal duty on behalf of the Commission to re-open the project to address the defective systems in the school. Accordingly, New Riegel's writ of mandamus and complaint for declaratory relief do not present cognizable claims that factually gives rise to a clear legal duty on behalf of the Commission. Thus the trial court properly dismissed New Riegel's writ of mandamus and complaint for declaratory relief. New Riegel's first, second, and fourth assignments of error are overruled.

*Third and Fifth Assignments of Error*

**{¶35}** Having decided the action of the trial court was proper by overruling the first, second, and fourth assignment of error, the Court declines to address the third and fifth assignments of error, which are rendered moot by this decision.

**{¶36}** Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**PRESTON, P.J. and SHAW, J., concur.**

**/jlr**